The **NATIONAL ETHICAL PHARMACEUTICAL ASSOCIATION** and **Pharmaceutical Associates, Inc., Appellants,**

v.

**Caspar W. WEINBERGER, as Secretary of Health, Education, and Welfare of the United States of America, and Alexander M. Schmidt, M.D., as Acting Commissioner of the Food and Drug Administration, Appellees.**

No. 73–2449.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1974.

Decided Oct. 1, 1974.

---

**1052**

Richard N. Tapp, Greenville, S. C. (Sol E. Abrams and George F. Townes, Greenville, S. C., on brief), for appellants.

John S. Eldred, Atty., Office of the General Counsel, Food and Drug Division, U. S. Dept. of Health, Education and Welfare (Peter Barton Hutt, Asst. Gen. Counsel, Joanne S. Sisk, Chief, Appellate and Special Proceedings Branch, Thomas E. Kauper, Asst. Atty. Gen., Antitrust Div., Gregory B. Hovendon, Chief, Consumer Affairs Section, U. S. Dept. of Justice and Dept. of Health,

Education and Welfare, on brief), for appellees.

Before BOREMAN and BRYAN, Senior Circuit Judges, and FIELD, Circuit Judge.

PER CURIAM:

This is an action by National Ethical Pharmaceutical Association, a trade association, and Pharmaceutical Associates, Inc., one of its member companies, seeking judicial review pursuant to the Administrative Procedure Act (5 U. S.C. §§ 701–704), of the regulation by the Food and Drug Administration of certain drugs which were treated as "new drugs," and for a declaratory judgment pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201) that those drugs are *not* "new drugs." Such a declaration would exempt those drugs from rigid premarketing standards regarding manufacture and purity and other safety requirements prescribed by the Food and Drug Administration for all "new drugs."

Upon motion of the defendants the district court dismissed the action without prejudice pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. The court held that the matter lay within the primary jurisdiction of the Food and Drug Administration and that only after plaintiffs had petitioned for and obtained a formal administrative ruling on the status of the specified drugs would judicial review be available. With respect to the prayer for a declaratory judgment the court held that "it should, in the exercise of its sound discretion under the Declaratory Judgment Act, refuse to take jurisdiction" and should dismiss the action.

Upon consideration of the briefs, appendix and oral arguments of counsel we are of the opinion that the dismissal of the action by the district court was proper for the reasons set forth in its Order.[1]

Affirmed.

1. The Order of the district court is reported as National Ethical Pharmaceutical Ass'n v. Weinberger, 365 F.Supp. 735 (D.S.C.1973).